## Butler et al., Appellants, *v.* School District of the Borough of Leighton.

*Sale on trial—Failure to return on given notice.*

Where there is a sale upon trial with a time fixed by the parties, a failure to return the goods or give notice in accordance with the agreement, makes the sale absolute.

*Municipal corporation—School district—Notice.*

A body such as a school district must exercise its powers by joint action as a board. Loose discussions without any motion or united action are not sufficient. To authorize the secretary of a school board to give notice of the rejection of goods bought on trial, he should receive his authority from the official action of the board.

Testimony by the secretary of the board in such a case that he had a conversation with the seller of the goods in which he told him that there were some complaints, is not admissible as evidence of notice that the goods were rejected by the board under a contract giving the board a right to test the goods up to a certain time.

Argued March 9, 1892. Appeal, No. 326, Jan. T., 1892, by plaintiffs, Wm. R. Butler and Jas. N. Hersh, trading as the Hersh Furnace Co., from judgment of C. P. Carbon Co., Oct. T., 1889, No. 32, on verdict for defendant. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover the price of furnaces under the following agreement:

"Agreement made this 21st day of July, 1888, between the Hersh Furnace Company of Leighton, Penna., party of the first part, and the Leighton School Board, party of the second part, Witnesseth: The party of the first part agrees to put in the Leighton Public School Building, four of their largest size brick-set furnaces, complete, with all necessary piping, registers, dampers, etc., including the construction of a cold-air box to each furnace, communicating with the outside of the building together with a portable octagon galvanized flue for the third floor on the north side of the building. The party of the first part agrees to give to the party of the second part ample time in which to fully test the furnaces and their capacity to heat the building, say until January 1st, 1889, and should the weather not be severe enough to fully test these furnaces by that date, party of the first part agrees to give party of the second part

until March 1st, 1889, if desired in writing, before January 1st, 1889. Said building is to be heated comfortably for school purposes to a temperature of seventy degrees; and should the furnaces fail to thus heat said buildings, the party of the first part agrees to remove them, without charge to party of the second part after close of school term. The party of the second part agrees to pay to the party of the first part, for the above furnaces, when found to meet requirements as above, the sum of eight hundred and sixty-four dollars ($864)."

On the trial before DREHER, P. J., F. P. Lentz, the secretary of the school board, was allowed, under objection, to testify as stated in the opinion of the Supreme Court. [1] The court charged in part as follows:

" If the directors failed to give notice to the plaintiffs on or before the first day of March, 1889, that the furnaces didn't meet the requirements of the contract, and that they would not keep the furnaces, then the plaintiffs would be entitled to your verdict, whether the furnaces were of the capacity and quality stipulated in the contract or not. The defendants were bound to make their election to reject the furnaces on or before the first of March, 1889, and a notice given afterwards would not be sufficient. Some letters were given in evidence, one from the secretary of the board of school directors to the plaintiffs, containing a copy of a resolution passed by the school directors, I think in May; and a letter from the plaintiffs to the school board in reply to that. This was all after the first day of March, 1889, and, according to our view of this contract, any notice given after the first of March would be insufficient.

" If the furnaces did not meet the requirements of the contract, then did the school board notify the plaintiffs, on or before the first of March 1889, that they would not accept or keep the furnaces. What is the evidence bearing upon this question? The only testimony is found in the evidence of F. P. Lentz. . . .

[ " Mr. Lentz, the secretary, testified to conversations between himself and Mr. Butler in relation to these furnaces, and I have asked the reporter to write out his testimony, and I have it in my hands and shall read it. The witness, Mr. Lentz, is asked the question, ' Did you ever have any conversation with Mr. W. R. Butler.' The answer is, ' Yes, sir.'

*Question:* ' In relation to these heaters giving satisfaction ? '
*Answer:* ' Yes, sir.' *Question:* ' You were going to tell the
date, I believe ?' *Answer:* ' I was trying to recollect about
the time Mr. Butler and I had the conversation, but cannot rec-
ollect the time. We had, however, a talk about the furnaces.'
*Question:* ' What was the talk; can you approximately fix the
time ? ' ' No, sir, I can't any closer than saying it was some-
time during the winter of 1888 and 89.' *Question:* ' Can you
say whether it was before January 1st or after ? ' *Answer:*
' No, sir, I can't say; it was sometime during that winter.
I met Mr. Butler accidentally and we spoke about the work-
ings of the heaters in the schoolhouse, and I said there was
some complaint; and he said, " Of course the furnaces must
come up to the agreement and if they don't we will take them
out." I said Mr. Butler said, they must come up to the re-
quirements of the agreement and if they don't we would re-
move them. He didn't hesitate to say that at any time.'
*Question:* ' What did you say to him ? ' *Answer:* ' I spoke of
the complaints that had been made by the janitor and different
ones who had spoken to me about them, and then he made that
remark.'

" Now, gentlemen of the jury, when was this conversation
had between the secretary and Mr. Butler? As I have already
said to you, it was the duty of the defendants, on or before
March. 1st, to notify the plaintiffs that the furnaces did not
meet the requirements of the contract, and that they declined
to keep or retain them. You must determine from this evi-
dence whether this conversation was before or after the first
day of March, 1889. Unless the evidence satisfies you that it
was prior to the first day of March, then this evidence is to be
disregarded by you, and there being no evidence in the case at
all to show that any notification was given to the plaintiffs
prior to that date. If you find this conversation took place
before the first of March, 1889, then was that intended by Mr.
Lentz, representing the school board, as a notice to Mr. Butler
that the furnaces were not sufficient and that the school board
would not accept them. Did Mr. Lentz so intend this to be
a notice to that effect, and did Mr. Butler so understand it?
That is a question you must settle from this evidence.

" Mr. Butler says that the plaintiffs had no notice of the in-

tention of the school board not to keep these furnaces, until some time in the summer of 1889. If no notice was given until that time, I must say to you that that was too late, and that the plaintiffs would be entitled to your verdict. You will understand me, gentlemen, that as we review this case and this matter of notice, it is all, so far as the evidence shows, to be gathered from the evidence of Mr. Lentz as to this conversation, and you must determine whether that conversation was before March 1, 1889, and if so, then what was that notice. Was it a notice from the school board, through their secretary, that they would not keep the furnaces? If it was not such a notice, then of course the conversation, so far as this present suit is concerned, was as if no conversation had been held."] [5]

The plaintiffs' first, second and third points, and the answers thereto, were as follows:

" 1. The failure of the school district defendant, on or before March 1, 1889, to give notice of disapproval of the furnaces made the sale absolute and rendered the district liable for the purchase money."

*Answer:* " Refused. It assumes the fact of failure of defendant to give notice. This is a fact to be determined by the jury." [2]

" 2. If the school district defendant continued to use the furnaces placed in the school building after March 1, 1889, and gave no notice of disapproval, this constituted an election on the part of the district to retain the furnaces and rendered the district liable to pay the contract price."

*Answer:* " Failure of defendant to give notice of disapproval of or dissatisfaction with the furnaces prior to March 1, 1889, would make the school district liable for the price. I cannot say that the fact that the use of the furnaces after that date would make the defendant liable, if notice of disapproval was given before March 1st." [3]

" 3. Under the law and the evidence the verdict must be for the plaintiff."

*Answer:* " Refused. The evidence is for the jury." [4]

*Errors assigned* were (1) ruling on evidence, quoting bill of exceptions and the evidence; (2–4) not affirming plaintiffs' points as above, quoting them and the answers; (5) the portion of the charge as above in brackets.

*Laird H. Barber*, for appellant.—The evidence of the alleged notice was entirely insufficient: Peoples Bank v. Etting, 41 Leg. Int. 5; affirmed in 108 Pa. 258; Kerns v. Swope, 2 Watts, 75; Peebles v. Reading, 8 S. & R. 484. Especially as the defendant was a municipal body: School v. Fuess, 98 Pa. 600; Nason v. Poor Directors, 126 Pa. 445; Rittenhouse's Est., 140 Pa. 172.

While, if the furnaces were not satisfactory, plaintiffs could not remove them until the school term closed; yet their use after March 1st, coupled with the failure to give notice, constituted an election to retain the furnaces: Stutz v. Coal & Coke Co., 131 Pa. 267.

*W. M. Rapsher*, with him *Michael Cassidy*, for appellee.— Plaintiffs were formally notified before the end of the school term, until which time defendant had a right to use the furnaces in any event; plaintiffs were therefore not prejudiced even if they had no notice before March 1st: Stutz v. Loyal Hanna Coal Co., 131 Pa. 267.

OPINION BY MR. JUSTICE MITCHELL, May 23, 1892:

Where there is a sale upon trial, with a time fixed by the parties, a failure to return the goods or give notice in accordance with the agreement makes the sale absolute: Dewey v. Borough of Erie, 14 Pa. 211; Hickman v. Shimp, 109 Pa. 16; Stutz v. Coal Co., 131 Pa. 267; Benj. on Sales, § 595. This was the effect of the contract between the parties to this controversy. A period was fixed within which the test of the furnaces was to be made, which period was to be extended for two months if desired in writing before the first limit was reached. The learned judge correctly instructed the jury as to the contract and the necessity of notice by the school board within the stipulated time, that the furnaces did not meet the requirements, and the only substantial question we have before us is the sufficiency of the evidence as to such notice. This depends entirely on the testimony of Lentz the secretary of the school board. His testimony on this point is very brief, and in substance that at some time in the winter of 1888–9, whether before or after January 1st (the first period fixed for the trial) he could not say, he accidentally met one of plaintiffs, and told him "there was some complaint, and he said of course the fur-

naces must come up to the agreement, and if they don't we will take them out. . . . I spoke of the complaints that had been made by the janitor and different ones who had spoken to me about them, and then he made that remark." The only authority that Lentz had to act for the board was as he testified, "expressed by unanimous consent. The question had been discussed at the different meetings and it was unanimously decided, without motion, that I should write to them." This evidence was insufficient in any possible view of it. The contract time having passed it was incumbent on the defendants to show that they had given the necessary notice before March 1st. The testimony of Lentz does not fix the date of the conversation referred to with sufficient exactness to prove that it was before March. But a still graver defect is that it was in no sense a notice from the board. A body of this kind must exercise its powers by joint action as a board: School District v. Fuess, 98 Pa. 600; Nason v. Poor Directors, 126 Pa. 445. Loose discussions without any motion or united action are not sufficient. And lastly, even if Lentz had been duly authorized to give notice, he failed to do so. The contract gave a specified time for a test whether the furnaces came up to the requirements, and defendants were bound to make up their minds definitely on that question and give notice to plaintiffs before March. All that Lentz says he told Butler is that there were "some complaints," and the answer of Butler that the furnaces must come up to the agreement, and if they did not he would take them out, shows conclusively that neither he nor Lentz regarded the matter as settled, or this chance conversation as a notice under the contract. It fell very far short of what was necessary for that purpose.

The resolution of the board and the correspondence after March were rightly held by the learned judge to have no bearing on the case. We see no error in the trial except the submission of the evidence of notice to the jury. On that evidence and the undisputed facts they should have been directed to find for the plaintiffs.

Judgment reversed and venire de novo awarded.