In re WOOD.

(District Court, M. D. Pennsylvania. October 6, 1905.)

No. 651.

1. SALES—SALE OR BAILMENT.

The bankrupt was a dealer in agricultural implements and bought goods from claimant. In the fall, out of season, he wrote for certain articles to be shown at a fair, and they were shipped and billed to him as sold "subject to next spring's terms." In the spring, shortly before the bankruptcy, claimant made a demand for the goods, which was refused. *Held*, that there was nothing in the transaction to indicate a bailment, rather than a sale, or to overcome the presumption of ownership arising from the bankrupt's possession, and that claimant was not entitled to recover the property from the trustee.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 7.]

2. SAME—EVIDENCE—GOODS BILLED AS SUCH—EFFECT OF.

That goods are billed to a party as though it was a sale, while not conclusive, is of more or less persuasive force.

In Bankruptcy. Sur petition of Bateman Manufacturing Company for reclamation of property.

D. J. Fanning, for claimants.
H. K. Mitchell, for trustee.

ARCHBALD, District Judge. Property found in the possession of another is presumptively his, and the burden is upon any one who alleges it to be otherwise. In the present instance, the bankrupt, who was in business at Troy, Pa., had handled the machines of the Bateman Manufacturing Company, the claimants here, under an arrangement with them, during the season of 1904, purchasing and making sales of their cultivators and other similar farming implements. About September 14th he telephoned the general agent of the company at Elmira, N. Y., to have shipped to him a sample lot, to be exhibited at the Troy Fair, which was to come off the next week. This was done, and an invoice at the same time mailed to him, in which he was charged with the goods at the regular prices, the bill amounting, after deducting the discount, to $81.94. The implements so shipped remained in the possession of the bankrupt unquestioned, until some time in the spring of 1905, not long prior to his bankruptcy which occurred May 16th, when they were demanded by the general agent from whom he had ordered them, but were refused.

Upon this showing the burden resting on the claimants certainly is not sustained. While the goods were ordered for exhibition at the fair, there is not enough in this circumstance by itself, in the face of the others, to characterize the transaction as a bailment, entitling the claimants to a return. The goods were billed to the bankrupt as though it was a sale, and, while this is not conclusive (Dows v. National Exchange Bank, 91 U. S. 618, 23 L. Ed. 214; Sturm v. Boker, 150 U. S. 312, 14 Sup. Ct. 99, 37 L. Ed. 1093), it is of more or less persuasive force (Chapman v. Kerr, 80 Mo. 158; In re Miller & Brown [D. C.] 135 Fed. 868). Nor was any move made to have it considered otherwise until bankruptcy was impending, which was too late.

The purpose of the order, to have the goods displayed at the fair, was that of the bankrupt, and not of the claimants. It was mentioned, no doubt, both as an incentive to have the goods sent and to explain the order, which was out of season, and is not to be taken as controlling. It is said, however, that according to the bill the goods were shipped "subject to next spring's terms"; and that, as these were never made, the claimants, when that time came, refusing to let the bankrupt handle their goods, the transaction was incomplete, and nothing can be predicated upon it. But the terms referred to were terms of payment or credit, which of itself implies a sale; and the fact that none were settled would simply operate to make the bill due on demand, or, possibly, according to the terms of credit previously established between the parties. That the matter was left open might be to the disadvantage of the bankrupt, as buyer, but it would not change the character of the transaction, or avoid it as inchoate, after it had been closed by delivery. Reverse the case, and assume that the bankrupt was trying to get out of paying the price, and the force of this will appear.

The petition must therefore be dismissed, with costs.