## W. O. Dean Company v. F. G. Lombard.

1. Goods on Commission—*Not Subject to Executions.*—Where goods are consigned to a person for sale on commission they are not subject to be taken in execution against such person.

2. Same—*What are Goods on Commission.*—A manufacturer sent some cigars to a merchant to be sold on commission. He was to sell at any profit he saw fit to, and pay the manufacturer for all sold, at the rate of $33.50 per thousand. All unsold, the manufacturer was to take away. *Held,* that the transaction was a consignment for sale on commission, and not a sale.

**Replevin.**—Appeal from the Circuit Court of Morgan County; the Hon. Cyrus Epler, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed November 15, 1895.

## Statement of the Case.

Whether a certain lot of cigars shipped by the appellant company April 5, 1893, to one Joseph Sands, then a retail grocer and tobacco dealer in Waverly, Illinois, were as to the rights of third persons sold to Sands, or placed with him for sale upon commission, is the sole question here arising. Sands was the only witness who testified to the transaction between himself and the appellant company.

Counsel for appellee, in his brief, quotes Sands' testimony as follows: W. O. Dean & Co. sent an agent there (Waverly) to sell me cigars. I told him I did not want to buy, but he said he would leave some cigars there to start them. I told him I had all the cigars I wanted, and he said he would send some on commission, and if any were sold I could pay him when he came around, and if not it would be all right; that is the way the cigars were sent." Sands further testified: "I told him (appellant's agent) at the time, I would not buy them. He left them to be sold on commission. I was to pay him for what I sold when he came around. They were to take away unsold cigars. I was to pay, for all sold, at the rate of $33.50 per thousand, and to sell at any profit I wanted to."

At the time of the shipment, the appellant mailed following statement to Sands, viz.: "If goods are received in a damaged condition, your recourse is upon the transportation companies. All claims of whatever nature must be made in ten days after receipt of goods.

The W. O. Dean Co.,

Established 1869.

Manufacturers of Fine Cigars.

Canton, Illinois, April 5, 1893.

Sold to Mr. Joe Sands, Waverly, Illinois.

Commission Goods.

Terms: To be paid for as sold. All bills payable with

exchange. No transfer to be made without written consent of the owner.

> 2,000 K. C. Cigars.................$67.00.
> Shipped with——"

May 8, 1893, Sands sold his stock in trade and business to Six Bros. The cigars in question were not included, but were retained in the possession of Sands, as the property of the appellant. He notified it by letter he was out of business, asked what he should do with the cigars, and suggested it was likely Six Bros. would take them on same terms, etc.

Appellee, a constable, on May 20, 1893, levied upon the cigars to satisfy an execution against Sands.

The Circuit Court regarded Sands as the owner as against the right of third persons and so adjudged the case.

The company appealed.

GRANT & CHIPERFIELD, attorneys for appellant, contended that a delivery of goods to a retailer to be sold by him for cash, at not less than the invoice price, he to retain as commissions what he can get over and above that price, and to return the goods, or the money received for them, when called upon so to do, does not amount to a sale, even as to the creditors of such dealer. Rosencrans & Weber Co. et al. v. Hanchett et al., 30 Ill. App. 283. See also McCullough v. Porter, 4 Watts & S. 177; Thompson v. Pratt, 94 Pa. St. 175; Schloss v. Heilbronner, 27 Vt. 623; Meldrum v. Snow, 9 Pick. 441; Blood v. Palmer, 2 Fairfield, 414; Whitewell v. Vincent, 4 Pick. 45 2, n ; Long on Sales, 181, 199; Sargent v. Gules, 8 N. H. 325; Ayers v. Bartlett, 9 Pick. 159.

Where goods are delivered and consigned to a factor to be sold, and any portion remaining unsold to be returned to the consignor, the transaction is a bailment and no title passes to the factor. Blood v. Palmer, 11 Me. 414; 26 Am. Dec. 547; First National Bank v. Schween, 127 Ill. 573; Middleton v. Stone, 111 Pa. St. 589; Eldridge v. Benson, 7 Cush. (Mass.) 483.

A contract by which the property of one person is to re-

main in the possession of another, and which does not contain any provision looking to the acquisition of title by that other, at any time, or in any manner, can not be construed into a conditional sale. Kout v. Kessler (Pa.), Atl. Rep. 586; William Bros. v. Davis, 47 Ia. 363; Wier Plow Co. v. Porter, 82 Mo. 23; National Bank of Augusta v. Goodyear, 16 S. E. Rep. 926.

The mere fact that an agreement has been made that a bailee shall pay a certain sum of money if the goods are not returned, does not of itself change the transaction into a sale. Westcott v. Thompson, 18 N. Y. 763; Brown v. Hitchcock, 28 Vt. 452.

GEORGE W. SMITH, attorney for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Chickering v. Bastress et al., 130 Ill. 206, is relied upon as authority for declaring the transaction in the case at bar a sale as against the interests of third persons.

The case of Peoria Mfg. Co. v. Lyons, 55 Ill. App. 41 (affirmed 153 Ill. 427), decided by this court, is also thought authority to the same effect.

In each of those cases the alleged bailee, or agent, held the goods under a contract which bound him to pay the alleged consignor, or principal, the purchase price of the goods. Hence the transactions were held to be sales and not consignments for sale.

In the case at bar the cigars were not sold conditionally or absolutely to Sands.

He contracted no liability or indebtedness as a purchaser, and held them without any agreement whereby he might become the owner.

They were consigned to him for sale on commission.

The facts in the cases of Lenz v. Harrison, 148 Ill. 598, and Brown v. Church Co., 55 Ill. App. 655, are the same in all material respects as in the case at bar.

In those cases the transactions were held to be consignments for sale on commission, and the features which

distinguished them from the contracts involved in Chickering v. Bastress, *supra*, and Peoria Mfg. Co. v. Lyons, *supra*, are pointed and commented upon by the court.

The principles there announced and the observations of the court thereupon are applicable to the case at bar.

Applying them here we are constrained to hold that Sands was not, even as to the appellee, the owner of the goods, but held them as consignee for sale on commission.

If so held they were not subject to the execution against him. Gray v. Agnew, 95 Ill. 315.

The judgment must be and is reversed and the cause remanded.