## MARTIN VS STRATTON–WHITE CO.

### Opinion delivered September 19, 1896.

*1.   Pleading—Variance—Amendment.*

> Appellant moved to quash the attachment and garnishment
> cause of the variance between the affidavit and complaint a
> because the written contract attached to the complaint show
> that appellant had never contracted with the appellee l
> with a mercantile partnership and neither the complaint r
> the affidavit alleged that the appellee was the successor
> assignee of the firm.   The court allowed appellee to amend a
> overruled the motion to quash.  *Held,* The allowance of t
> amendment was clearly within the court's discretion and
> injury prejudicial to the substantial rights of the defenda
> resulted on that account..

*2.   Consignment of Goods—Agency—Condition of Goods—Evidence.*

> Appellant entered into a contract with appellee by which app
> lant was to take certain agricultural implements to be sold a
> accounted for to Stratton & White.   That the ownership
> the goods consigned was to remain in Stratton & White ur
> paid for.   That appellant was to take notes for the goods s
> payable to Stratton & White and guarantee the payment the
> of.   To sell the goods within twelve months and to settle in
> manner set out in the contract for all goods not sold at the

of such time. *Held*, That this contract was clearly one of agency and appellant was not a vendee, conditionally or other wise, but was an agent of Stratton & White and it was not error to refuse to allow appellant to prove the damaged condition of the goods.

Appeal from the United States Court for the Southn District.

C. B. KILGORE, Judge.

Suit and attachment by the Stratton-White Company, ainst Thomas H. Martin. Judgment for plaintiff. Dedant appeals. Affirmed.

This is a suit brought by the Stratton-White Comny, a corporation under the laws of Texas, plaintiff bev, hereinafter styled "appellee," against appellant, Tom Martin, who was defendant below, upon an open account certain vehicles, implements, and other goods alleged to ve been delivered by appellee to appellant under a written ent's contract, which contract was made an exhibit to intiff's complaint, and for which, as alleged in plaintiff's mplaint, appellant has never settled. Suit was filed October 27, 1895; and, the same day, appellee, by its attorney, ore out an attachment against appellant, on the ground it Martin had sold, conveyed, and otherwise disposed of property, with the fraudulent intent and purpose to eat, hinder, and delay his creditors. December 4, 1895, pellant filed his answer, which consisted of a special derrer, a specific denial seriatim of every allegation in intiff's complaint, and the further plea that the defendant l bought the goods, wares, and other merchandise upon a rranty that they were merchantable goods in first-class dition, but that they were unsalable, worn, and worths, and that appellant had further paid to appellee on said rchandise the sum of $600, without any consideration

whatever, for which sum appellant asked judgment of
court. December 16, 1895, appellant filed his motion
quash the attachment and garnishment in said cause, iss
because of a variance between the affidavit and the
plaint, and because the written contract which was an
hibit to the complaint showed that appellant had never
tracted with the appellee, but with a mercantile partners
and neither the complaint nor the affidavit alleged
appellee was the assignee or successor of said firm. Dec
ber 16, 1895, the court overruled said motion to quash
attachment and garnishment, but allowed appellee to an
the pleading by interlineation, to which ruling of the c
appellant duly excepted. The cause was tried by a j
December, 8, 1895. Upon said trial appellant testified
he entered into the contract upon which this suit was i
tuted with one Swan, an agent for the firm of Stratto
White; that, at the time of entering said contract with S
defendant had never seen the vehicles, which were in a
house in Pauls Valley; and that said Swan represented
the goods were in good condition. The witness then off
to prove by himself, W. S. Harris, and Richard Gibson
said goods received under said contract were in a very
aged condition, and that he was unable to sell them on
account for anything like fair prices. Upon objectio
appellee, this testimony was excluded from the jury,
appellant denied the introduction of this proof, upon
ground that it varied the written contract, to which ru
of the court appellant duly excepted. The jury return
verdict for appellee in the sum of $233.98, with interest
per cent. from April 10, 1894. December 19, 1895, appe
filed his motion for a new trial, which was overruled on
20th, to which action of the court appellant duly excep
The same day, appellant's prayer for appeal was allo
and 60 days granted to prepare bill of exceptions. Jan
13, 1896, appellant filed his supersedeas bond. Februar

, statement of facts and bill of exceptions were filed, and ellant now prosecutes this appeal.

*Claude Weaver* and *Green Weaver*, for appellant.

*Albert Rennie, John A. McClure* and *O. W. Patchell*, for ellee.

SPRINGER, C. J. (after stating the facts.)   Counsel appellant submit five assignments of error.   Four of e relate to the motion to quash the attachment and ishment, to the amendment which the court allowed llee to make to these proceedings, and to the judgment osts of the attachment, and garnishment.   The court ved appellee to amend by interlineation.   The allowance e amendment was clearly within the court's discretion, no injury prejudicial to the substantial rights of the ap-nt resulted on that account.   This court must disregard error or defect in the pleadings which does not affect the tantial rights of the adverse party, and no judgment ld be reversed by reason of such error or defect.   Mansf. § 5083.

*Pleadings.*

The fifth assignment of error by appellant is as fol-: "That the court erred in denying appellant the right ove the damaged condition of the merchandise received im."   The determination on this assignment turns upon uestion whether the contract sued on constituted a sale, consignment of the goods to an agent for sale on com-on?   The contract was in writing, and is made an exhib-t must be construed according to its terms.   It is quite hy, covering four pages of typewritten matter in the d.   The goods consisted of agricultural implements, hey were to be shipped by appellee from Ft. Worth, to the appellant at Pauls Valley, Indian Territory, "to ld, and accounted for to the said Stratton and White, in

cash or purchaser's notes, as herein described, at the pric
agreed upon when goods are shipped." All notes tak
were to be on blanks furnished by appellee and to be gua
antied by Martin, and all sales were to be made, and not
taken therefor, in the name of the appellee. It was furth
provided as follows: "That the ownership of all vehicle
implements, or other goods furnished under this contract,
their proceeds, shall remain in Stratton and White un
settlement shall have been made for them by the said par
of the second part, as herein provided;" and, furthe
"Should said party of the first part [the appellee] desire
resume possession of said goods so consigned, they shall
entitled to receive them free from any charges for freigh
cartage, storage, or insurance paid or incurred on accou
thereof by said party of the second part [the appellant
The stipulation in the contract which is especially significa
is substantially as follows: "The party of the second pa
Martin, agrees to sell all the goods ordered under this co
tract within twelve months, and, in case of any failur
agrees to settle for the goods unsold, if called on by Stratt
and White, in either of the following ways, as Stratton a
White may elect: To give his note, due in six months,
blanks furnished by them, payable to them or order, or
deliver said goods, in good order, free of charge, subject
the order of Stratton and White." These provisions clear

**Consignment. Contract.** fix the character of the contract. It did not provide for
sale of the goods to Martin, but merely for a consignment
them to him for sale on commission. Martin was not
vendee, conditionally or otherwise. He was an agent
Stratton & White. It was not error on the part of the cou
to refuse to allow appellant to prove the damaged conditi
of the goods. That fact was immaterial and irrelevant.
the goods were in a damaged condition, Martin should ha
notified his principal, under the terms of his agency. H
sole compensation was the difference between the amou

ed on each article and the price for which the agent
artin could sell it. If he sold it, he was chargeable at once
th the amount fixed upon it, and the condition in which it
ght have been at that time was wholly immaterial. He
d no authority to sell the implements except in such man-
r as would wholly compensate him for his trouble, by re-
iving a sum in excess of the amount he was to pay to his
incipals. If he parted with the goods, he was obliged to
count to Stratton & White for the amount, which had been
reed upon between him and them. The instructions of the
urt and the verdict of the jury are strictly in accordance
th the letter and spirit of the contract, and the judgment
the court is affirmed.

LEWIS, J., concurs in this opinion.