## James Pease, Sheriff, etc., v. Rand & Leopold Desk Co.

1. CONTRACTS—*Construction of. When a Question of Law.*—The question as to what was the real object of the parties to an agreement is one to be determined by the court as a question of law, upon a construction of the instrument, fairly considering all its provisions, with a view of finding therefrom what was the real intention of the parties.

2. GOODS ON COMMISSION—*Not Subject To Be Taken on Execution Against the Agent.*—Goods in the hands of an agent for sale on commission, can not be legally taken on execution issued upon a judgment against him.

**Replevin.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appelate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

Pease v. Rand & Leopold Desk Co.

W. A. SHERIDAN, attorney for appellant.

J. HENRY KRAFT, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is an appeal from a judgment in favor of the appellee, in a replevin suit brought by appellee against the sheriff, who had levied upon goods at the time in possession of the American Desk and Seating Company.

Appellee claimed the goods as their own by virtue of a certain contract of assignment. The case is therefore one where the appellant claims that the contract of consignment, so-called, makes a case of a sale of goods and not one of consignment, as against the rights of third parties.

The letter constituting the contract was as follows:

"BURLINGTON, IOWA, U. S. A., 5–27–97.

American Desk and Seating Co., F. W. Dickerman and Edgar H. Scott, Chicago.

GENTLEMEN: As a preliminary step to getting started on the new consignment arrangement we have agreed upon with you, you must send us by return mail an exact record of all consigned goods of our make that you have on hand so that we can check up and get our consignment account straight. Also please send us check for any that have been sold.

Now, we wish to outline the understanding as made verbally with you by our Mr. Leopold yesterday when he was in Chicago.

As we understand this matter, it is as follows:

The company and individuals named above, collectively and individually, are to be responsible to us for all goods shipped you on consignment or otherwise.

The extent of the consignment will consist of a line of samples of the salable sizes of our goods, as well as such other goods as we think would be salable with you.

Right here we wish to say that later on, we will, when it becomes necessary and helpful to your interests, as well as ours, and we note that you make your returns promptly, consign duplicates as well as samples.

Now, it is further understood that you are to make a report to us on the 1st and 15th of each month of all goods on hand and unsold, and any sold you are to remit for at the time of making such report.

All goods consigned to you are of course to be our prop-

erty until paid for, and all parties named above are to be responsible to us for the payment of same.

The prices we bill you the consigned goods at is as per our regular established list, unless we make you lower prices. All prices f. o. b. Burlington, all freight to be paid by you. The discount from the invoiced prices to be ten per cent, which you will deduct when remittances are made in accordance with this agreement, namely the 1st and 15th of each month.

In other words, you are entitled to this discount in remitting as above stated. We will of course find it to our interest to consign you duplicates of some numbers at once, for instance, such sizes of desks that are regular sellers.

The limit in the amount at any time (until other arrangements are made) of consigned goods unpaid for must be $1,000 (one thousand dollars).

Now please let us hear from you promptly, with a list of stock on hand at present, and your agreement to the above. A letter written to us and signed by the individuals and the company named above will answer the purpose.

You of course understand that with proper treatment on your part, the account is subject to considerable expansion, but only on condition that such arrangement be specially made in future.

You have some goods on hand that are not salable with you, namely, the type-writer desks. If you get a chance to sell these promptly, we will allow you an extra ten per cent on the No. 14 and No. 138, or we will order them away.

Another feature which must be distinctly understood between us is, that both sides have a right to revoke this arrangement at any time. In that case you must pack and reship the samples of our goods on hand on our orders.

Yours very truly,

Dic. by            RAND & LEOPOLD DESK CO."

It appears from the evidence that the American Desk and Seating Company had been, for some time, customers of the appellee and had become deeply in debt to them. Appellee thereupon refused to extend them any more credit. But it was arranged that appellee would furnish them goods under a consignment arrangement, provided that Mr. Scott and Mr. Dickerman, who are persons mentioned in the contract, would hold themselves responsible for the goods consigned. It was with this understanding

that the contract, as set forth, was made, and under which the goods in question were furnished.

The question as to what was the real object or purpose of the parties to that agreement is one to be determined by the court upon a construction of the instrument, fairly considering all its provisions, with the view of finding therefrom what was the real intention of the parties. It is purely a question of law. Chickering v. Bastress, 130 Ill. 206; same, with title reversed, 18 Ill. App. 198.

Reading the contract with that end in view, we fail to discover in it anything to indicate that the contract was less than one of consignment. We concede that calling a contract one of consignment does not make it so, if there was really a purpose to cover up its real character, so as to conceal the property from the company's creditors.

But looking at the contract item by item, we find nothing in it that detracts from what it purports on its face to be.. The consignees are required to report twice a month in a double aspect—that of goods on hand and unsold, and to remit for all goods sold. And both sides reserve the right to terminate the arrangement at any time, in which event the consignees must pack and reship the goods left unsold, to the order of the appellee. We do not think it is worth while to take up and consider each particular provision of the contract.

The distinction between this case and that of Chickering v. Bastress, *supra*, and Peoria Manufacturing Co. v. Lyons, 55 Ill. App. 41, is well pointed out in Dean v. Lombard, 61 Ill. App. 94, when it is said that " In each of those cases the alleged bailer or agent held the goods under a contract which bound him to pay the alleged consignor or principal the purchase price of the goods." This is manifestly not required by the contract under consideration. See also Lenz v. Harrison, 148 Ill. 598.

The circumstances, previously given, in which the contract had its inception, are also corroboratory of the intention of the parties to make the contract one of consignment and not one of sale.

The judgment of the Circuit Court is affirmed.