### In re FLANDERS.

#### (Circuit Court of Appeals, Seventh Circuit. January 3, 1905.)

#### No. 1,103.

1. BANKRUPTCY—BAILMENTS—CONDITIONAL SALES.

Where claimant shipped leather to a bankrupt under an agreement that he should sell it on commission, after making advances to the extent of 50 per cent. on the invoice value, and account for the proceeds of sales, less a commission of 5 per cent., freight charges, and advances, and guaranty such sales, the claimant being entitled to a return of the goods on demand, the transaction constituted a bailment, and not a conditional sale, though the bankrupt selected his own purchasers, insured the goods in his own name, and fixed the credits to be allowed, etc.

Appeal from the District Court of the United States for the Northern District of Illinois.

The receiver appointed by the District Court upon the filing of a petition in involuntary bankruptcy against Flanders, a wholesale leather merchant at the city of Chicago, took possession of the bankrupt's property, including the leather which is the subject of this controversy. Thereupon the American Patent Leather Company, the appellee, of Newark, N. J., a manufacturer of patent and enameled leather, filed its petition in the bankruptcy proceeding, seeking restoration of certain leather taken possession of by the receiver, and which it claimed had been consigned to the bankrupt for sale upon commission. The receiver pleaded want of knowledge of the facts stated in the petition, and the issue was referred to a special master, before whom a hearing

was had; the bankrupt and his former bookkeeper being the only witnesses examined. The master reported the evidence and his conclusion that the transaction between the parties was a sale and not a bailment of property, and recommended dismissal of the petition. Exceptions to the report were, on June 29, 1904, sustained by the District Court, and a decree passed directing the return of the property to the petitioner. From such decree the trustee, who had succeeded to the possession of the property, appeals to this court.

For several years prior to the bankruptcy, Flanders had purchased leather from the American Patent Leather Company. Early in the year 1903 he entered into a new arrangement with the company to the effect that the American Patent Leather Company should consign goods to him for sale upon commission; that he should make advances upon the consignments to the extent of 50 per cent. of the invoice value of the goods from time to time consigned, these advances to be made by his notes payable to the leather company. The notes so given were negotiated by the company and they were all paid by the bankrupt at maturity. Such mode of making advances was shown to be customary in the leather trade. Flanders was to receive a commission of 5 per cent. on sales, to guaranty the sales, and to account monthly for the proceeds, deducting freight charges and advances. The consignor had the right to a return of the goods upon demand, subject to repayment of advances made upon them. The leather sent under this arrangement had a particular identification mark known to both parties, but which gave no intimation to others that the goods were consigned, and was placed by Flanders in his store, in separate bins so far as practicable. Flanders sold the goods in his own name and upon such terms as to time as he saw fit. He took out insurance in his own name, and in case of the destruction of the goods by fire he was to account for them to the consignor. This commission account was kept in a special book containing only consignment accounts, and monthly accounts of sales were rendered, deducting commissions, freight, cartage, incidental expenses, and the amount of advances.

Vincent J. Walsh, for appellant.
Keene H. Addington, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge, after stating the facts, delivered the opinion of the court.

We entertain no question of the correctness of the decree appealed from. The rule by which to distinguish between a bailment and a conditional sale we consider as decided in the case of In re Galt, 56 C. C. A. 470, 120 Fed. 64. We there held that, if the sender has a right to compel return of the thing sent, it is a bailment, and not a sale, and that in a sale there must be an agreement, express or implied, to pay the purchase price of the thing sold. The cases of Chickering v. Bastress, 130 Ill. 206, 22 N. E. 542, 17 Am. St. Rep. 309, and Peoria Manufacturing Company v. Lyons, 153 Ill. 427, 38 N. E. 661, relied upon by the appellant, were considered by us in Re Galt, and the distinction noted. In each of those cases the advances stipulated to be made by the supposed consignee were to the entire value of the goods shipped, and the court found that the transactions were sales, sought to be disguised under the cloak of bailment. We have no contention with those decisions. The cases of Lenz v. Harrison, 148 Ill. 598, 36 N. E. 567, and Fleet v. Hertz, 201 Ill. 594, 66 N. E. 858, 94 Am. St. Rep. 192, fully accord with our ruling. The case of In re Rabenau (D. C.) 118 Fed. 471, is also easily distinguishable. There the supposed consignee was at liberty to sell at any price and upon any terms that he pleased, and accounted

134 F.—36

at a fixed price and at a fixed time previously determined, and at his option was to pay for the goods remaining unsold. The facts here do not warrant the application of that decision to the case in hand. The avails of the goods, at whatever price they were sold, belonged to the consignor. Flanders was to receive his commissions and the return of advances. That advances were made in the form of notes does not change the character of the transaction, or indicate a sale. They point to the contrary. The advances were but 50 per cent. of the value of the goods—not, as in the Illinois cases referred to, the full amount of the value of the goods. The amount of the advances would not indicate a purpose to make an outright sale. The mode of advancement by note was for the mere convenience of both parties. For the notes so issued the consignee had a factor's lien upon the goods in his possession, for which he could exact payment before surrender of the goods; but that does not change the nature of the transaction or convert the bailment into a sale. Penn v. Heilbronner, 108 N. Y. 443, 15 N. E. 701.

The objections that ordinary invoices accompanied the shipments, that such shipments were made direct to Flanders, that the leather was sold by him in his own name, that he allowed credit upon sales, that he guarantied sales, and that he insured in his own name, do not change the nature of the transaction. It is quite competent for a bailee by contract to enlarge his common-law liability, without converting the bailment into a sale. There is nothing in the evidence which indicates a pretentious agreement with a view to defraud creditors. The fact that Flanders for some years prior to this consignment had purchased goods of the bailee does not avail to prove such contention. It is possible—although it is not established by the evidence— that the consignor had become doubtful of the financial responsibility of Flanders and was unwilling further to extend him credit. The true reason probably lies in the statement of Mr. Flanders that they explained to him at the commencement of this consignment account that the leather company was not as strong financially as some of its competitors, and desired an arrangement by which they could have present advancement upon their goods, instead of selling upon a long term of credit. There does not seem to have been entertained by the leather company any question of financial responsibility on the part of Flanders, if, indeed, he was at that time in doubtful financial condition.

The decree is affirmed.