### In re COLUMBUS BUGGY CO.

(Circuit Court of Appeals, Eighth Circuit. March 2, 1906.)

#### No. 56.

1. SALES—BAILMENTS FOR SALE—DISTINGUISHING CHARACTERISTICS.

An agreed price, a vendor, a vendee, an agreement of the vendor to sell and of the vendee to buy for and pay the agreed price are essential attributes of a contract of sale.

The power to require the restoration of the subject of the agreement is an indispensable incident of a contract of bailment.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, §§ 1–5; vol. 6, Cent. Dig. Bailment, § 1; vol. 43, Cent. Dig. Sales, § 8.]

2. SAME—EVIDENCE OF SALE.

The fact that a contract provides that the receiver of goods is to account for those sold at fixed prices and to retain the difference for insurance, storage, commission and expenses does not make the contract an agreement of sale.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 7, 17, 18.]

3. SAME—CONDITIONAL SALES—CONTRACT OF BAILMENT FOR SALE—TERMS.

A contract between a furnisher of goods and the receiver that the latter may sell them at such prices as he chooses, that he will account and pay for the goods sold at agreed prices, that he will bear the expenses of insurance, freight, storage and handling and that he will hold the merchandise unsold subject to the order of the furnisher, discloses an agreement of bailment for sale, and does not evidence a conditional sale. Such a contract is not affected by a statute which renders unrecorded contracts for conditional sales voidable by creditors and purchasers.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, §§ 7, 17, 18.] 18, 1335.]

(Syllabus by the Court.)

On Petition for Review.

R. N. McConnell, for petitioner.

H. Y. Thompson, for respondent.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. By a statute of Oklahoma Territory an instrument in writing which evidences the conditional sale of personal property and the retention of title in the vendor until the purchase price is paid is rendered voidable at the instance of innocent purchasers or creditors of the vendee unless it is deposited in the office of the proper register. 2 Wilson's Rev. & Ann. St. Okl. 1903, p. 966, § 162. On August 4, 1903, the Washburn-Lytle Implement Company was adjudged a bankrupt upon an involuntary petition by the District Court of the United States for the Third District of Oklahoma Territory. The trustee in bankruptcy took from the possession of the bankrupt goods of the value of about $5,400, which were situated in Oklahoma and were held by the Washburn company under a contract with the Columbus Buggy Company, which had not been deposited with the proper register of deeds. The material terms of this contract were that the goods should be selected from those of the Columbus company by the Washburn company and should be shipped and billed to it as agent by the Columbus company at the latter's wholesale prices, that the Washburn company might sell the goods at such prices as it saw fit and that it would pay to the Columbus company the wholesale prices less 5 per cent. discount for the goods it sold in each month by the tenth day of the succeeding month, that it would keep the property insured for the benefit of the Columbus company and would bear all expenses of freight, storage and hauling, that the contract should continue in force one year and that, unless it was renewed, the Washburn company would at its expiration return that portion of the merchandise unsold and the Columbus company would repay the freight which had been paid upon this portion and that all the goods should be on consignment and the title should remain in the Columbus company and subject to its order until they were sold and paid for in cash. The Columbus company properly presented to the District Court its claim for that part of the merchandise which the Washburn company held unsold under this contract and which the trustee had taken at the time of the adjudication, and that court denied its petition upon the ground that the contract evidenced a conditional sale and was therefore voidable under the statute of Oklahoma. The case is presented to this court by a petition to revise this ruling.

A conditional sale is one in which the vesting of the title in the purchaser is subject to a condition precedent, or in which its revesting in the seller is subject to a failure of the buyer to comply with a condition subsequent.

An agreed price, a vendor, a vendee, an agreement of the former to sell for the agreed price and an agreement of the latter to buy for and to pay the agreed price are essential elements of a contract of sale. The contract involved in this case has none of these charac-

teristics. The power to require the restoration of the subject of the agreement is an indelible incident of a contract of bailment. South Australian Ins. Co. v. Randell, L. R. 3 P. C. 101, 108; 2 Kent's Com. *589; Powder Co. v. Burkhardt, 97 U. S. 116, 24 L. Ed. 973; Sturm v. Boker, 150 U. S. 312, 14 Sup. Ct. 99, 37 L. Ed. 1093. This contract contains a plain stipulation that the goods are at all times subject to the order of the Columbus company until they are sold and that at the expiration of the term of the contract the Washburn company will return the goods which remain unsold. It was therefore a contract of bailment for sale and it was not subject to the statute of Oklahoma regarding conditional sales. One of the most striking and familiar illustrations of its character is given by Chief Justice Gibson in McCullough v. Porter, 4 Watts & S. (Pa.) 177, 39 Am. Dec. 68, where he says:

"Were I to put my horse in the custody of a friend, to be sold for a designated sum, with permission to retain whatever could be got beyond it, it would not be suspected that I had ceased to own him in the meantime, or that my friend would not be bound to return him, even without a stipulation, should he have failed to obtain the prescribed price."

A contract between a furnisher of goods and the receiver that the latter may sell them at such prices as he chooses, that he will account and pay for the goods sold at agreed prices, that he will bear the expense of insurance, freight, storage and handling and that he will hold the unsold merchandise subject to the order of the furnisher discloses a bailment for sale and does not evidence a conditional sale. It contains no agreement of the receiver to pay any agreed price for the goods. It is not, therefore, affected by a statute which renders unrecorded contracts for conditional sales voidable by creditors and purchasers. The fact that such a contract provides that the receiver of the goods may fix the selling prices and may retain the difference between the agreed prices of the accounting and the selling prices to recompense him for insurance, storage, commission and expenses does not constitute the contract an agreement of sale. It still lacks the obligation of the receiver to pay a purchase price for the goods and the obligation of the furnisher to transfer the title to him for that price. Sturm v. Boker, 150 U. S. 312, 14 Sup. Ct. 99, 37 L. Ed. 1093; John Deere Plow Co. v. McDavid (C. C. A.) 137 Fed. 802; Metropolitan Nat. Bank v. Benedict Co., 20 C. C. A. 377, 380, 74 Fed. 182, 185; In re Galt, 56 C. C. A. 470, 473, 120 Fed. 64, 67; Union Stock-Yards, etc., Co. v. Western Land, etc., Co., 7 C. C. A. 660, 664, 59 Fed. 49, 53; Keystone Watch-Case Co. v. Fourth National Bank, 194 Pa. 535, 45 Atl. 328; In re Flanders, 67 C. C. A. 484, 134 Fed. 560; Martin v. Stratton-White Co., 1 Ind. T. 394, 37 S. W. 833; National Bank v. Goodyear, 90 Ga. 711, 726, 16 S. E. 962; Barnes Safe & Lock Co. v. Bloch Bros. Tobacco Co., 38 W. Va. 158, 164, 18 S. E. 482, 22 L. R. A. 850, 45 Am. St. Rep. 846; National Cordage Co. v. Sims, 44 Neb. 148, 153, 62 N. W. 514; Rosencranz & Weber Co. v. Hanchett, 30 Ill. App. 283, 286; Harris v. Coe, 71 Conn. 157, 41 Atl. 552, 554; W. O. Dean Co. v. Lombard, 61 Ill. App. 94, 97; Norton & Co. v. Melick, 97 Iowa, 564, 566, 66 N. W. 780; Lenz v. Harrison, 148 Ill. 598, 36 N. E. 567, 569.

The order of the referee which denied the application of the Columbus Buggy Company and the order of the District Court which confirmed that order must be vacated, and the case must be remanded to the court below with directions to grant the petition of the Columbus Buggy Company for the delivery to it of all the goods remaining in the hands of the trustee which were received by him from the bankrupt, and which had been obtained by the latter from the Columbus company under the contract between them, and that the trustee also pay over to the Columbus company the proceeds of all goods of this character which he received from the bankrupt and has since sold, and it is so ordered.