## PACKARD PIANO CO., Appellant, v. GEORGE F. WILLIAMS, Respondent.

### Kansas City Court of Appeals, November 25, 1912.

1. **BAILMENT: Conditional Sale: Contract.** The owner delivers to a retail dealer in musical instruments, pianos and organs at a certain invoiced price, with the agreement that the dealer is to sell them at any price he pleases and account to the owner for the invoiced price, and providing further that he will keep them insured, pay the taxes as well as all freight charges; but which does not provide that the retailer shall pay for any he does not sell; on the contrary, provides that the owner may at any time demand the return of all which may not be sold; and that he may disapprove of any sale made by the retailer and retake the property. *Held*, the contract was a bailment and not a conditional sale.

2. ————: ————: ————: **Statute: Recording.** Notwithstanding the statute forbidding conditional sales unless the instrument is acknowledged and recorded, there may be a valid bailment or consignment for sale without recording the agreement therefor.

3. ————: ————: ————: **Words of Disguise.** Though a contract is clothed in the words "consignor," "consignee," "consignment," "agent," and "principal," yet if the whole agreement shows these words are a disguise to the real meaning of the instrument, it will be declared a sale and not a bailment.

Appeal from Adair Circuit Court.—*Hon. Nat M. Shelton,* Judge.

REVERSED AND REMANDED.

*Smoot & Cooley* for appellant.

1. The contract offered in evidence and under which the property in controversy was delivered by plaintiff to Tallman is a consignment or bailment for sale, and not a sale, conditional or otherwise, and does not create the relation of vendor and vendee between plaintiff and Tallman and is not affected by the provisions of the statute relating to conditional sales, and is

not required to be filed or recorded. Plow Co. v. Porter, 82 Mo. 23; Peet v. Spencer, 90 Mo. 384; Buggy Co., v. Priebe, 123 Mo. App. 521; Brewing Co. v. Linck, 51 Mo. App. 478; Book Co. v. Sheridan, 114 Mo. App. 332; In re Columbus Buggy Co., 143 Fed. 859, cited in Buggy Co. v. Priebe, supra; Engine Works v. Parkinson, 161 Fed. 223; Safe and Lock Co. v. Tobacco Co., 22 L. R. A., 850; Lenz v. Harrison, 148 Ill. 598; National Bank v. Goodyear, 90 Georgia, 711; State ex rel. v. Thompson, 120 Mo. 12. 2. The property in controversy never was owned by Tallman, therefore could not be subject to his debts. Mansour v. Caulfield, 160 Mo. App. 324, and cases cited under point 1. 3. The instruction requested by plaintiff properly declared the law and the court erred in refusing it. Hoyte v. Davis, 21 Mo. App. 235.

*Higbee & Mills* for respondent.

The contract offered in evidence and under which the property in controversy was sold to Tallman by plaintiff, is a conditional sale, and not being recorded created the relation of vendor and vendee between plaintiff and Tallman, as far as purchasers and creditors were concerned, because it comes within the provisions of the statute relating to conditional sales and is not recorded as therein prescribed. Sec. 2889, R. S. 1909; Bicking v. Stevens, 69 Mo. App. 168; Studebaker Bros. v. Carriage Co., 152 Mo. 401; In re Rabenau, 118 Fed. 471; People v. Newman, 57 N. W. 1073; Sutton v. Baker, 97 N. W. 420; 6 Am. and Eng. Ency. Law (2 Ed.), 450, par. 3.

ELLISON, J.—Plaintiff is a corporation engaged in selling musical instruments, and one Tallman was in the retail music business in Kirksville. A creditor of Tallman obtained a judgment against him, upon which execution was issued and placed in the hands of the sheriff, who levied it upon a piano and organ in

Tallman's possession. Plaintiff, claiming to be the owner of the instruments, brought this action of replevin against the sheriff. The judgment in the trial court was for the defendant.

Tallman got the property from plaintiff under the terms of a written contract between them and the sole question is whether such paper evidenced a sale by plaintiff to Tallman, or a consignment to sell for plaintiff as its agent. The contract is divided into ten paragraphs or divisions and is so redundant in verbiage as to be confusing. Putting it into smaller compass, we find it provides, in the first division, that the property is to be held by Tallman on consignment until sold and sale approved by plaintiff, Tallman to keep insurance for plaintiff's benefit.

Second: It appears from this division that the property is invoiced to Tallman at a certain price for which he must account to plaintiff in this way, viz., if the sale is for cash, then the invoice price less whatever discount may be agreed upon for cash remitted to plaintiff. If the sale is for notes, he indorses sufficient notes to make the invoice price and twenty per cent more, which per cent is to be credited to Tallman until the notes and interest thereon representing invoice price are collected, when it is to be paid to Tallman. If a sale for notes is not accepted by plaintiff, or if accepted and notes defaulted, then Tallman, on plaintiff's demand, is to take property from the purchaser and deliver to plaintiff if it wants it. If the property cannot be retaken, Tallman is then to pay plaintiff in cash. Other provisions allow plaintiff to retain all notes as security for any indebtedness of Tallman.

Third: It is provided that if Tallman should fail to indorse a note, plaintiff is authorized to do so for him.

Fourth: Tallman is to pay all freight and taxes.

Fifth: Provides that notes shall stand as security to plaintiff.

Sixth: Provides that all property retaken from purchasers plaintiff may, if it so desires, reconsign to Tallman.

Seventh: If any property is returned to plaintiff, Tallman is to be credited with the invoice price less ten per cent as liquidated damages for shopwear, etc.

Eighth: Tallman agrees, on demand to deliver back to plaintiff all goods unsold and all notes in which plaintiff may have an interest.

Ninth: Tallman is to make monthly report of all instruments on hand or in possession of prospective purchasers and not paid for.

Tenth: Tallman agrees to assist plaintiff in all collections without charge, and that plaintiff may at all times have access to his books.

We have a statute in this State (Sec. 2889, R. S. 1909) which avoids, as fraudulent, as to creditors, all conditional sales unless acknowledged and recorded, and it has been held in many instances that no disguise under the name of consignment, or agency, will be allowed to evade this statute. [Manufacturing Co. v. Carriage Co., 152 Mo. App. 401; Bicking v. Stevens, 69 Mo. App. 168; In re Rebenau, 118 Fed. 471.]

On the other hand it has been decided by the Supreme Court and this court that, notwithstanding the statute, there may be consignments for sale, or sale agencies established, where the consignor will remain the owner without the necessity of recording his agreement. [Weir Plow Co. v. Porter, 82 Mo. 23; Peet v. Spencer, 90 Mo. 384; Wilson-Moline Buggy Co. v. Priebe, 123 Mo. App. 521.] And so it is elsewhere held. [In re Columbus Buggy Co., 143 Fed. 859; Lenz v. Harrison, 148 Ill. 598.]

So the question is, does this contract evidence a sale or a consignment to an agent? It undoubtedly embodies some of the characteristics of each. Among the evidences of Tallman's ownership is the provision that he shall pay the freight, pay for insurance, and

though paying a fixed price to plaintiff, selling at any price he pleases, the latter being one of the marks especially establishing a sale as distinguished from a bailment, unless controlled by other parts of the agreement.

But there is no reason why one party may not put his goods in the hands of another to sell for him, and agree upon any mode of compensation he likes, including whatever sum that other may sell for over the fixed price to be paid the owner, less whatever he obligates himself to pay out for freight and insurance, provided other parts of the agreement make clear that the property has not passed. In M'Cullough v. Porter, 4 Watts & S. 177, this illustration is given: "Were I to put my horse into the custody of a friend to be sold for a designated sum, with permission to retain whatever should be got beyond it, it would not be suspected that I had ceased to own him in the meantime, or that my friend would not be bound to return him, even without a stipulation, should he have failed to obtain the prescribed price."

In In re Columbus Buggy Co., 143 Fed. 859, after using that illustration from M'Cullough v. Porter, it is said that: "A contract between a furnisher of goods and the receiver that the latter may sell the goods sold at agreed prices, that he will bear the expense of insurance, freight, storage and handling, and that he will hold the unsold merchandise subject to the order of the furnisher, discloses a bailment for sale and does not evidence a conditional sale. It contains no agreement of the receiver to pay any agreed price for the goods. It is not, therefore, affected by a statute which renders unrecorded contracts for conditional sales voidable by creditors and purchasers. The fact that such a contract provides that the receiver of the goods may fix the selling prices and may retain the difference between the agreed prices of the accounting and the selling prices to recompense him for insurance, storage,

commission and expenses, does not constitute the contract an agreement of sale. It still lacks the obligation of the receiver to pay a purchase price for the goods and the obligation of the furnisher to transfer the title to him for that price.''

A reference to the contract, as epitomized by us, seems to clearly disclose a bailment for sale. It shows that the property is to be held on consignment until sold by Tallman, the sale to be approved by plaintiff. Next the property is invoiced to Tallman at a fixed price, and while it may be sold by Tallman at any price he sees fit to ask, the overplus, after deducting expenses for insurance, freight and taxes, going to Tallman as his compensation, yet a sale may be annulled by plaintiff and the property ordered to be taken from the purchaser. But above all, and as making clear the relation these parties bore one to the other, the face of the whole contract shows Tallman was not to pay anything for the property (Lenz v. Harrison, supra,—a case quite applicable to this). He was merely to turn over the proceeds of sales which he might make. And the eighth division of the contract allows plaintiff, at any time, to order the property (which has not been sold) to be returned to it.

We have no fault to find with cases cited by defendant. They concede that parties may place and receive goods in consignment for sale without trenching upon the statute, but they properly decide that a sale in reality will be called a sale though disguised by words, such as ''consignor,'' ''agent,'' ''agency,'' etc.

We are satisfied the judgment should have been for the plaintiff; and it will be reversed and the cause remanded that the entry may be made. All concur.