## THOMAS et al. v. FIELD-BRUNDAGE CO.

(Circuit Court of Appeals, Eighth Circuit. July 13, 1914.)

### No. 3964.

BANKRUPTCY (§ 140*) — GOODS IN POSSESSION OF BANKRUPT — CONSIGNMENT FOR SALE—CONDITIONAL SALE.

A bankrupt being indebted to claimant for machinery sold it, claimant refused to make further shipments except on consignment and on January 16, 1911, shipped one car under a consignment invoice, and on February 25th following shipped a second car under an invoice which by mistake was marked, "Terms 4 Mo. note 6% Int." No such note was given, and, the mistake having been discovered, a duplicate invoice was issued, reciting, "Terms on consignment," and substituted for the original, which was returned. In August it was found that the bankrupt was unable to settle for a considerable portion of the January shipment, whereupon claimant took its obligations for the amount sold, and a letter reciting that the bankrupt had in stock of claimant's goods on consignment certain specified engines, which it was understood the bankrupt was to pay for when sold, at the same time as they received their customer's settlement, and the title to the engines was to remain in claimant and the bankrupt was simply to act as its agent in selling them and collecting for them, less the bankrupt's profit above claimant's selling price. *Held,* that such goods were on consignment for sale and not sold, and hence title to such as remained in the bankrupt's possession on the intervention of bankruptcy in November, 1911, did not pass to the bankrupt's trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*

What constitutes a contract of conditional sale, see note to Dunlop v. Mercer, 86 C. C. A. 448.]

Appeal from the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Petition by the Field-Brundage Company for an order on J. W. Thomas, trustee in bankruptcy of Allen P. Ely & Co., to compel the trustee to surrender to petitioner certain gasoline engines alleged to have been consigned to the bankrupts for sale on commission. An order of a referee rejecting the petition having been reversed by the District Court, the trustee and others appeal. Affirmed.

---

F. A. Mulfinger, of Omaha, Neb., for appellants.

W. A. Schall, of Omaha, Neb. (C. J. Smyth and Ed. P. Smith, both of Omaha, Neb., on the brief), for appellee.

Before SANBORN and SMITH, Circuit Judges, and POPE, District Judge.

SMITH, Circuit Judge. Allen P. Ely & Co., a copartnership, were in business as retail dealers in machinery at Omaha from about 1901 until November, 1911. They had been buying gasoline engines for seven or eight years of the Field-Brundage Company of Jackson, Mich., and were indebted to them in January, 1911, to the amount of $7,000 or $8,000. At about that time Mr. Raynor Field, the secretary and treasurer of the Field-Brundage Company, was at Omaha, and told Mr. Allen P. Ely, of the firm of Allen P. Ely & Co., that their account must be reduced to $5,000, and that would be the limit thereafter, and that they would not ship any more goods until the account was so reduced, but that they would make Allen P. Ely & Co. the agents of the Field-Brundage Co. and ship goods to them on consignment. Prior to this it had been the practice of the Allen P. Ely & Co. to settle promptly with the Field-Brundage Co. by giving their note or notes for the amount of each shipment. On January 16th the Field-Brundage Company sent a car load of engines consigned to themselves with directions to notify Allen P. Ely & Co. of their arrival. The invoice of this shipment was marked, on consignment. On February 25, 1911, a second car load was shipped, but the invoice was marked, "Terms 4 Mo. note 6% Int." No such note was ever given, and about the middle of March, 1911, the mistake was discovered and a duplicate invoice was made out and delivered to Allen P. Ely & Co., in which there was substituted for the language quoted the words, "Terms on consignment," and the original invoice was redelivered to the Field-Brundage Company. In August, 1911, Mr. Raynor Field was at Omaha and found that a considerable portion of the January shipment had been sold by Allen P. Ely & Co., and they had no money with which to pay for the same. He then took their obligations for the amount sold by Allen P. Ely & Co., and the following letter on the letter head of the Field-Brundage Co.:

"Jackson, Mich., Aug. 4, 1911.

"Field-Brundage Co., Jackson, Mich.—Gentlemen: We have in stock to-day of your goods on consignment, the following engines, which, it is understood, we are to pay you for when we sell them the same date that we receive our customer's settlement for them. The title of these engines is to remain in the Field-Brundage Co.'s name and we are to simply act as agents for you in selling them and collecting for them, less our profit on the goods above your selling price.

| | | | | |
|---|---|---|---|---|
| 1 | 8 H. P. Hopper Cooled Engine, #2372, price | | | $ 215.00 |
| 1 | 10 H. P. " " " #2880 price | | | $ 265.00 |
| 1 | 6 H. P. Field Special on Skids #2897 price | | | $ 123.75 |
| 3 | 6 H. P. " " Engines mounted on Adams-Husker Trucks, Nos. 2932, 2938, 2942, price $143.75 each, | | | $ 431.25 |

$1035.00

"Yours very truly,					Allen P. Ely & Co., By Allen P. Ely.
"APE/MHR."

On November 23, 1911, Allen P. Ely & Co. filed their voluntary petition in bankruptcy, and on November 24, 1911, they were adjudged bankrupt, and the matter was referred to Charles G. McDonald. On December 6, 1911, J. W. Thomas was elected trustee of the estate of the bankrupts and qualified the next day and came into possession of the property described in the letter quoted. The Field-Brundage Company filed on January 10, 1912, a petition for an order on the trustee for redelivery of these goods, the trustee answered the matter, and was heard before the referee who rejected the petition. The Field-Brundage Company filed a petition for review in the District Court, and this resulted in a reversal of the finding of the referee and the granting of the petition, and J. W. Thomas as trustee, Allen P. Ely and Charles B. Ely, members of the firm of Allen P. Ely & Co., appealed.

The case turns upon whether Allen P. Ely & Co. bought these goods of the Field-Brundage Company, or whether they simply held them as bailees.

The referee cited Mack v. Drummond Tobacco Co., 48 Neb. 397, 67 N. W. 174, 58 Am. St. Rep. 691. In that case it was held the contract in question constituted a sale but the Drummond Tobacco Company had stipulated that Mack & Co. should give their notes or acceptances for the amount of each invoice.

He also cited Yoder v. Haworth, 57 Neb. 150, 77 N. W. 377, 73 Am. St. Rep. 496, and Buffum v. Descher, 1 Neb. (Unof.) 736, 96 N. W. 352, which are similar to the former case mentioned.

Much more nearly in point is National Cordage Co. v. Sims, 44 Neb. 148, 62 N. W. 514.

The appellant cites In re Miller & Brown (D. C.) 135 Fed. 868, and In re Wells (D. C.) 140 Fed. 752, both from the Middle District of Pennsylvania, and In re Penny & Anderson (D. C.) 176 Fed. 141, from the Southern District of New York.

Without determining whether these citations are in point, it suffices to say that if they are in any sense applicable to this case then they are in conflict with In re Columbus Buggy Co., 143 Fed. 859, 74 C. C. A. 611, and with John Deere Plow Co. v. McDavid, 137 Fed. 802, 70 C. C. A. 422, both decided by this court, and In re Galt, 120 Fed. 64, 56 C. C. A. 470, and In re Flanders, 134 Fed. 560, 67 C. C. A. 484, both decided by the Circuit Court of Appeals of the Seventh Circuit.

This court adheres to its former holdings, and the case is affirmed.