## In re KRUSE.

(District Court, N. D. Iowa, C. D. August 5, 1916.)

### No. 1052.

1. BANKRUPTCY ⨀184(2)—TITLE OF TRUSTEE—POSSESSION UNDER CONDITIONAL SALE CONTRACT.

Under Bankruptcy Act July 1, 1898, c. 541, § 47a (2) 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), clothing trustees in bankruptcy, as to all property in the custody or coming into the custody of the bankruptcy court, with all the rights, remedies, and powers of a creditor holding a lien thereon, the right of a trustee is prior to claim of vendor of property in possession of bankrupt under conditional sale contract not filed or recorded as required by Code Iowa 1897, § 2905, providing that no such sale or contract shall be valid against a creditor or purchaser of vendee in actual possession obtained in pursuance thereof, without notice, unless it is recorded the same as chattel mortgages.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 276; Dec. Dig. ⨀184(2).]

⨀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ☞184(2)—TITLE OF TRUSTEE—POSSESSION UNDER AGENCY CONTRACT.

As to property in bankrupt's possession under contract of agency to sell for his principal, the bankrupt to receive a specified commission therefor and hold the property as agent until sold, returning on demand any property not sold during the agency, the principal, as owner of the property, could show his title and right thereto to defeat the lien of the trustee under said amendment of June 25, 1910, to section 47a (2) of the Bankruptcy Act, notwithstanding the contract was not filed or recorded under said Code Iowa 1897, § 2905; the contract on its face being neither an absolute nor a conditional sale of the property, but a contract of bailment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 276; Dec. Dig. ☞184(2).]

3. BANKRUPTCY ☞228—ADMINISTRATION—REFEREE—REVIEW OF PROCEEDINGS BY JUDGE—TIME.

A local rule requires that petitions for review of orders of referees be taken within ten days from the date of the order sought to be reviewed, and the petition to review in this case was filed within such time.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. ☞228.]

In the matter of John A. Kruse, bankrupt. From an order of the referee, allowing the claim of Western Rock Island Plow Company to certain property in the possession of the trustee, the trustee appeals; and from orders of the referee, denying the respective claims of International Harvester Company and Acme Harvesting Machine Company to certain property in the possession of the trustee, these claimants, respectively, appeal. Claim of Western Rock Island Plow Company denied, and order reversed; claim of International Harvester Company denied and order approved; and claim of Acme Harvesting Machine Company allowed and order reversed.

Submitted on the separate petitions of:

First. H. W. Bailey, trustee in bankruptcy of said estate, for review of an order of the referee allowing the petition or application of the Western Rock Island Plow Company, a corporation, for the return to said company of certain farm implements, viz., 5 No. 40 Great Western spreaders; 3 2 H. P. Rock Island portable engines; 1 3 H. P. Rock Island portable engine—all sold and shipped to the bankrupt in July, 1915, the total wholesale price of which implements amounted to $625, sold upon written contracts of sale upon condition that the title to and ownership of said property should remain in said Western Rock Island Plow Company until the purchase price thereof should be fully paid, and which it is alleged has never been paid.

Second. On petition of the International Harvester Company of America, a corporation, for review of an order of the referee, denying its claim for the return to it of certain farm implements and property, or its value if sold, to wit: 1 International Harvester Company 8-foot binder and transport.; 3 Osborne disc harrows; 3 fore carriages for discs; 1 10–26 self-dump rake; 1,500 pounds of binder twine—which it is alleged: (1) Were acquired by the bankrupt from said International Harvester Company because of certain false and fraudulent representations as to his financial condition made by the bankrupt to said company for the purpose of inducing it, and which did induce it, to sell and deliver said property to said bankrupt; and (2) because such property was sold by the International Harvester Company to said bankrupt upon the express written agreement or contract, whereby the title to and ownership of said property should remain in said International Harvester Company until the purchase price thereof should be paid in full; and which, it is alleged, said purchase price has never been paid.

Third. The petition of the Acme Harvesting Machine Company, a West Virginia corporation, for review of an order of the referee denying its claim for the return to it of certain farm implements, to wit: 1 8-foot Acme binder; 1 tongue truck; 1 transport truck, of the alleged value of $128; also commission repairs, or repair parts as per inventory $29.50—which property it is alleged was delivered to the bankrupt under an agency contract in writing dated September 24, 1914, whereby the bankrupt was to receive said property from said Acme Company and sell the same as its agent during the season ending December 31, 1915, for cash or approved notes drawn in favor of the company upon blanks furnished by it therefor, upon a specified commission to be paid by the Acme Company to the bankrupt for receiving, caring for, and selling said property, and to hold said property as its agent during said term, and until sold by the bankrupt as such agent, a copy of which agency contract is attached to the petition or application of the Acme Company as a part thereof.

Upon the hearing of said several petitions the referee granted (1) the application of the Western Rock Island Plow Company for the property claimed by it, and ordered the trustee to return said property to the plow company, from which order the trustee petitions for review.

Upon the petition of the International Harvester Company and the petition of the Acme Harvesting Machine Company, the referee denied the petition or application of each of said petitioners, and directed the trustee to hold the property, or the proceeds thereof claimed ·by each if sold, until the further order of the referee in the premises, which order has never been vacated or modified; and each of said petitioners petition for a review of said orders respectively.

Frank Maher, of Ft. Dodge, Iowa, for Trustee Bailey in the first of above petitions.

Burnquist & Joyce, of Ft. Dodge, Iowa, for Western Rock Island Plow Co.

Robert Healy, of Ft. Dodge, Iowa, for International Harvester Co. of America.

Helsell & Helsell, of Ft. Dodge, Iowa, for Acme Harvesting Mach. Co.

Frank Maher, of Ft. Dodge, Iowa, for trustee in each of the second and third of such petitions.

REED, District Judge (after stating the facts as above). [1] The contract of conditional sale under which the Western Rock Island Plow Company claims its right to the property was not filed or recorded as required by section 2905 of the Code of Iowa (1897); and the order of the referee, allowing its claim to the property, is based upon the decision of this court in Re Hager, 166 Fed. 972, and the cases there cited. That case, however, arose and was decided prior to the amendment of June 25, 1910, to the Bankruptcy Act, and upon the authority of York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, and Dunlop v. Mercer, 156 Fed. 545, 86 C. C. A. 435, in which it is held that the trustee in bankruptcy under such contracts of conditional sale is vested only with the title and interest of the bankrupt in the property acquired by him under such contract; but the amendment of 1910 to section 47a (2) of the Bankruptcy Act was for the purpose of avoiding the construction of the Bankruptcy Act by York Manufacturing Co. v. Cassell above, and to clothe the trustee as to all property in the custody of or coming into the custody of the bankruptcy court since that amendment, with all the

rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings upon such property so coming into the custody of the court of bankruptcy. Under this amendment, therefore, the trustee no longer stands simply in the shoes of the bankrupt; but as to all property acquired by the bankrupt since the amendment and so coming into the custody of the court of bankruptcy, the trustee is entitled to all the rights of a creditor holding a lien by legal or equitable proceedings upon such property at the date of the bankruptcy; and the prior decisions holding that he has no other rights than the bankrupt had at the time of the bankruptcy are no longer controlling. Collier on Bankruptcy (10th Ed. [1914]) § 47a (2), as amended, and notes thereto upon pages 659 et seq. Nauman Co. v. Bradshaw, 193 Fed. 350, 113 C. C. A. 274, in which the Hager Case ([D. C.] 166 Fed. 972) is approved, was decided by the Court of Appeals in February, 1912. That case also arose prior to the amendment of 1910, though the opinion does not so show, but the record does.

As the property claimed by the Western Rock Island Plow Company was purchased by the bankrupt since the amendment of 1910, and has come into the custody of the court of bankruptcy through its trustee, it follows that the referee erred in awarding that property or its proceeds, if sold by the trustee, to the Western Rock Island Plow Company, and the order of the referee must be reversed, and the claim of the Western Rock Island Plow Company to such property denied; and it is so ordered.

In the matter of the petition of the International Harvester Company of America, the facts show that the property claimed by it is claimed under a conditional contract of sale made with the bankrupt in 1915, which contract was never filed or recorded as required by section 2905 of the Iowa Code, and is identical with the claim of the Western Rock Island Plow Company, and under the amendment of 1910, the right of the trustee to that property is prior to the claim of the International Harvester Company, and the order of the referee, denying the claim of that company under its conditional contract of sale, is correct.

The referee found against the claim of this petitioner to the property because of the alleged fraud of the bankrupt in procuring the same, and this finding has ample support in the testimony. The order of the referee as to this property is therefore approved.

[2] In the matter of the petition of the Acme Harvesting Machine Company the claim of that company stands upon a different basis from either of the other claimants. In this case the Acme Harvesting Machine Company entered into a written contract with the bankrupt September 24, 1914, in which it was to deliver to the bankrupt the property in controversy under a contract wherein the bankrupt was to receive the property as the agent of the Acme Company, sell the same for that company during the season ending December 31, 1915, for cash, or approved notes drawn in favor of the company upon blanks furnished by it therefor, and for which the bankrupt was to receive a specified commission from the Acme Company, and to hold the property so received as agent for the Acme Company until sold, and to return to that company on demand any of the property not sold during the term of the agency. Under this contract the bankrupt acquired

no right, title, or interest in the property; and it remained the property of the Acme Company until it was sold. The contract upon its face is neither an absolute sale of the property, nor a conditional sale thereof, but is one of bailment only, which is not required to be filed or recorded under section 2905 above of the Iowa Code. Conable v. Lynch, 45 Iowa, 84; Thompson & Co. v. Barnum & Co., 49 Iowa, 392; Ludvigh v. American Woolen Co., 231 U. S. 522, 34 Sup. Ct. 161, 58 L. Ed. 345; Sturm v. Boker, 150 U. S. 312, 14 Sup. Ct. 99, 37 L. Ed. 1093; Ellet-Kendall Shoe Co. v. Martin, Trustee, 222 Fed. 851, 138 C. C. A. 277 (this circuit); McElwain-Barton Shoe Co. v. Bassett, Trustee, 231 Fed. 889, —— C. C. A. —— (this circuit); Thomas v. Field Brundage Co., 215 Fed. 891, 132 C. C. A. 231 (this circuit); John Deere Plow Co. v. McDavid, 137 Fed. 802, 70 C. C. A. 422 (this circuit); In re Columbus Buggy Co., 143 Fed. 859, 74 C. C. A. 611 (this circuit).

Under the Iowa statute, and the above-cited decisions of the Iowa Supreme Court, a creditor, levying an execution upon the property claimed by the Acme Company, would acquire no interest therein as against the Acme Company, and under the authorities cited the Acme Company, as owner of the property, may show its title and right thereto to defeat the lien of the trustee under the amendment of 1910.

[3] The trustee raises the question that the petition for review (called appeal) was not taken in time, and moves to dismiss the petition for that reason. General order in bankruptcy 27 (89 Fed. xi, 32 C. C. A. xxvii) does not fix the time within which petitions for review of the orders of referees shall be taken, but a local rule requires that they be taken within ten days from the date of the order sought to be reviewed. In this case the order of the referee was made on February 8, 1916, and the petition for review was filed with the referee and allowed by him on February 10, 1916. There is no merit, therefore, in the motion of the trustee to dismiss the petition for review, and the motion is denied.

It follows that the referee erred in denying the claim of the Acme Company to the property claimed by it, and his order must be, and is hereby, reversed, and said property or its proceeds, if sold by the trustee, is awarded to the Acme Company.

The clerk will certify to the referee a copy of this opinion, who will award the property in each case as herein indicated.

It is ordered accordingly.