·R. CARRILLO & CO INC v
McAFEE BROS FURNITURE CO

Ohio Appeals, 6th Dist, Lucas Co

No. 2613. Decided Jan 11, 1932

Messrs. Hall & Devlin, Toledo, for plaintiff.

Messrs. Garrison & Phillips, Toledo, for defendant.

WILLIAMS, J.

The question presented is whether or not under this contract there was a conditional sale of the goods or merely a bailment. Counsel for the intervening petitioner concedes that if the transaction involves a conditional sale, the intervening petitioner is a general creditor only, for the reason that the contract was not verified and filed with the County Recorder in accordance with the provisions of §8568 GC. This section has no application to a deposit of goods on bailment for sale, for then the relation of principal and agent arises between the owner of the goods and the one in possession for purpose of sale. As the contract recites that the goods are shipped on consignment, the parties will be referred to as consignor and consignee.

What is the proper construction of the contract? It will be observed that The McAfee Brothers Furniture Company did not become the purchaser of the property and at no time had the right to buy it, but merely the privilege of purchasing all or any part thereof upon such terms as might be specifically agreed to by the parties. The title thereto at all times remained in the consignor. It was the duty of the consignee to sell the goods and pay to consignor the amount set forth in the invoice rendered at the time of shipment within a period of thirty days.

It has been held that where a contract provides that the consignee may fix the selling price and retain the difference between the price for which the goods are sold and the price at which they were invoiced as his commission, and shall also pay storage, transportation and other expenses, the contract does not thereby become one of sale.

Re Thomas, 231 Fed., 513;
Re Columbus Buggy Co., 74 C. C. A., 611; 143 Fed., 859;
National Bank vs. Goodyear, 90 Ga., 711; 16 S. E., 962;

This contract also contains a provision to the effect that the consignor shall have the right to require a return of all the unsold goods either upon default in the performance of the contract on the part of the consignee or upon termination of the contract by notice; this provision indicates a sale on consignment and not one of conditional sale. Furst Bros. vs. Bank, 11? Ga., 472. The fact that the goods are ac-

companied by an invoice, does not of itself make the transaction a sale.

Bank vs. Goodyear, supra.
Furst Bros. vs. Bank, supra.
Thompson vs. Barnum, 49 Iowa, 392.

It is often difficult to determine whether a contract is one or the other of the two kinds under discussion. Under the contract in the case at bar, which is in terms one of consignment, consignee could not purchase the goods himself without a new agreement, could only sell them to others and account for a fixed price and could not prevent the consignor from repossessing the goods unsold on tender of written notice. Moreover, there is none of the indicia of a contract of conditional sale. Under the circumstances, it can not be said that there was a sale to the consignee nor that the transaction came within the terms of §8568 GC. The consignee merely held the unsold goods as bailee and was required to surrender them to the bailor in accordance with the terms of the contract. Attention is called to the annotation in 63 A. L. R. 355.

The intervening petitioner is therefore entitled to possession of the goods belonging to it, as against the receiver.

Judgment and degree accordingly.

LLOYD and RICHARDS, JJ, concur.