THE CREAMERY PACKAGE MANUFACTURING COMPANY, Appellant, v. THE UNION BANK OF WILTON.

**Construction of Pleading: ISSUE TENDERED:** *Replevin.* A petition in replevin alleged that a separator sold by plaintiff under a contract whereby the purchaser was to hold the same or its proceeds in trust for plaintiff, subject to his order, was claimed by defendant under a chattel mortgage from the purchaser, and that defendant did own the property; but there was no allegation as to value, or that plaintiff had demanded or was entitled to possession of the property, and no attack was made therein on the validity of defendant's mortgage. *Held,* that the claim that defendant took the mortgage with actual notice of plaintiff's contract, and that the description of the property was inserted after the mortgage was fully executed and acknowledged, was not in issue.

*Appeal from Muscatine District Court.*—HON. W. F. BRANNAN, Judge.

SATURDAY, DECEMBER 12, 1896.

THIS is an action of replevin for the possession of a cream separator. Plaintiff's claim is based upon a written contract or order for the sale of the separator, in which is found the following provision: "All goods and the proceeds of sales of goods received under this contract, whether the goods are in notes, cash, or book accounts, we agree to hold the same as collateral security in trust, and for the benefit of, and subject to the order of, the Creamery Package Manufacturing Co., until we have paid in full cash all our obligations due said Creamery Package Manufacturing Co." Defendant claimed the separator by virtue of a chattel mortgage on it. Plaintiff argues that defendant took its mortgage with actual notice of the plaintiff's interest in the property, and that the description of the separator was in fact inserted in defendant's mortgage after it had been fully executed and acknowledged. Trial was had to the court, and a judgment entered for the defendant, from which this appeal is taken.— *Affirmed.*

*Richman & Burk* for appellant.

*R. M. Detwiler* for appellee.

KINNE, J.—I. The petition of plaintiff does not allege that it was entitled to immediate possession of the property. It does not state the extent, or character, of plaintiff's interest therein, but leaves the court to ascertain the same from the terms of the order, which, it is said, creates and evidences its interest. It is not alleged in terms that the defendant's possession of the separator was wrongful. No demand for the possession of the property is alleged to have been made. No issue is tendered as to its value. The defendant's mortgage is admitted and not avoided, but it is said that Kelly did not own the property and

hence could not mortgage it. In view of this condition of the petition we are not called upon to consider many questions argued by the appellant. In the pleadings no attack is made upon the validity, or efficacy, of defendant's mortgage. No issue is made that defendant took its mortgage with notice of plaintiff's claim upon the property. Nor is the fact that the description of this separator was inserted in the mortgage, after its full execution, pleaded. As we look at the pleadings, no question of notice, or forgery, is in issue. Even if such facts were properly in issue, the evidence is conflicting, and we should not be authorized to set aside the findings of the district court, which stand as the verdict of a jury. It must not be expected that we will enter into the consideration of questions argued which are not in issue. The judgment below was correct, and it is AFFIRMED.