THE UNION BANK OF WILTON v. THE CREAMERY PACKAGE MANUFACTURING COMPANY, Appellant.

**Conditional sales: RECORDING:** *Priorities.* One claiming title to property because the terms of a conditional sale by him, which was not recorded, were not complied with, is not entitled to property so transferred as against a mortgagee who, without notice of the sale, acquired an interest in the property from the purchaser after the conditional sale, though the chattel mortgage is not properly acknowledged.

MORTGAGES. One who extends the time of payment of an antecedent debt, in consideration of a chattel mortgage given to him, is within the protection of Code, 1873, section 1922, providing that a conditional sale of a chattel, the title being reserved in the vendor. is not valid as against any creditor or purchaser without notice unless the agreement of sale is acknowledged and recorded.

**Appeal: CONFLICTING EVIDENCE.** When the evidence, though conflicting, is ample to sustain the findings and judgment of the trial court, they will not be reversed.

*Appeal from Muscatine District Court.*—HON. WILLIAM
F. BRANNAN, Judge.

## FRIDAY, APRIL 8, 1898.

ACTION at law to recover the possession of specific
personal property. There was a trial by the court with-
out a jury, and a judgment for the plaintiff. The defend-
ant appeals.—*Affirmed.*

*Richman & Burk* and *Richman & Richman* for
appellant.

*P. M. Detwiler* for appellee.

ROBINSON, J.—In January, 1894, one S. G. Kelly pro-
cured of defendant a milk separator under an agree-
ment which provided that it should be held by Kelly as
"collateral security in trust and for the benefit of and
subject to the order of the Creamery Package Manufac-
turing Company" until he had paid in full all his obliga-
tions to the company. The agreement was not acknowl-
edged or recorded. In June, 1894, Kelley gave to the
plaintiff a mortgage upon the separator and other prop-
erty, to secure the payment of a debt of two thousand
five hundred dollars. The mortgage was dated the
twentieth and acknowledged on the twenty-eighth day
of the month. On the third day of the next month the
plaintiff took possession of the separator, and it was
afterwards taken by the defendant. This action was
brought to recover the separator from the defendant,
and the right of possession is claimed by the plaintiff
under the chattel mortgage. The defendant claims the
property by virtue of its former ownership and
its agreement with Kelly, and alleges that there
is a balance due to it from Kelly of eight hun-
dred and nine dollars and sixty-three cents. It

alleges further that when the mortgage was given
Kelly advised the plaintiff fully of the defendant's
interest in the property; that it was not his, and should
not be included in the mortgage; that he did not intend
to include it in the mortgage, and did not know, when
that was executed, that it included the separator; and
that the mortgage is fraudulent.   The district court
found specially that when the mortgage was delivered
to the plaintiff it did not have any notice of the agree-
ment under which the defendant claims; that the mort-
gage was given to secure an amount then due the plain-
tiff, and that it is entitled to the immediate possession
of the separator.   Judgment was rendered according to
the findings.   This cause was before us on a former
submission, and an opinion was filed, but a re-hearing
was ordered, and the cause is again submitted for
our consideration.   The agreement and mortgage in con-
troversy were involved in the case of *Creamery Package
Mfg. Co. v. Union Bank of Wilton,* 100 Iowa, 370.

I.   The acknowledgment of the mortgage was
taken by the cashier of the plaintiff, and it is claimed
that the acknowledgment was invalid for that reason,
and that the record of the mortgage did not impart con-
structive notice of the rights of the plaintiff.   Whether
the cashier had such an interest in the mortgage as to
be disqualified to take the acknowledgment we need not
determine.   The acknowledgment was not essen-
tial to the validity of the mortgage, but it
was as effectual as between the parties to it, and
as against all persons having notice of it, as though it
had been duly acknowledged.   The defendant's interest
in the mortgaged property has not been acquired since
the mortgage was given, but depends upon the agree-
ment with Kelly.   That was a conditional sale of the sep-
arator, the possession of which passed to Kelly, and the

reservation of the title and interest for which the agreement provided was not valid as against any creditor or purchaser of Kelly without notice. Code 1873, section 1922. Therefore, if the mortgage was not duly acknowledged, that fact is immaterial to any right the defendant can maintain as against the plaintiff. The appellant insists that a valid and sufficient record of the mortgage or other notice thereof was necessary to protect the interest transferred by the mortgage as against the defendant; but that claim is not sound, for the reason that, as already stated, the defendant has not acquired any interest in the separator since the mortgage was given.

II. The plaintiff's right of recovery depends upon the strength of its own title, and it is insisted that the mortgage was give to secure an antecedent debt, and for that reason cannot prevail against the title of the defendant. The case of *Myer v. Car Co.*, 102 U. S. 1, is referred to in support of that claim, but that case involved the effect of a mortgage upon property acquired after it was executed, and not the effect of a mortgage given to secure an antecedent debt, and is not applicable to the question now before us. The plaintiff, when the mortgage was given, granted to Kelly an extension of time on the debt secured, and the plaintiff thus became entitled to the protection afforded by Code 1873, section 1922.

III. There was a conflict in the evidence respecting the intent of Kelly to mortgage the separator and the knowledge which the plaintiff then had of the interest in it which the defendant claims, but the evidence which tended to show that Kelly knew when he executed the mortgage that it included the separator, and that he did not speak of the defendant's interest, and that the plaintiff did not have any knowledge of it until

after the mortgage was given, and that the mortgage was not fraudulent, was ample to sustain the findings and judgment of the district court. The reformation of the mortgage is not asked, and, had it been, the evidence would not have justified it. We conclude that no reason for disturbing the judgment of the district court is shown, and it is AFFIRMED.