# UNITED STATES *v.* HITE.

## APPEAL FROM THE COURT OF CLAIMS.

No. 276. Submitted December 18, 1906.—Decided February 25, 1907.

Under the act of March 3, 1889, 30 Stat. 1228, the two months' pay to which an officer of the Navy is entitled, who was detached from his vessel and ordered home to be honorably discharged after creditable service during the war with Spain, is to be computed at the rate of pay he was receiving for sea service when detached, and not at the rate of his pay for shore service when he was actually discharged.

41 C. Cl., 256, affirmed.

The facts are stated in the opinion.

*Mr. Assistant Attorney General Van Orsdel* and *Mr. John Q. Thompson,* Special Attorney, for appellant:

During the interval of time between, December 17, when claimant was detached from the battle ship *Massachusetts,* and December 22, when he was discharged from the service, a period of five days, he was not performing sea service, but was on leave or waiting-orders pay; and therefore was entitled to compensation during such time at the rate of $1,000 a year.

The language of the statute is "shall be paid two months' extra pay," evidently meaning the same pay he would have received if he had remained in the same service two months longer, and if the claimant had remained in the same service

two months longer he would have received and been paid compensation at the rate of $1,000 per year, which was leave or waiting-orders pay. And this is the construction given to a like statute in the cases of *United States* v. *North* and *United States* v. *Emory,* 112 U. S. 510.

The statute granting Hite two months' extra pay was approved March 3, 1899, about two months and a half after he was discharged from the service and nearly ten months after claimant's appointment. The provision for extra pay was therefore a gratuity granted by Congress and for which the Government was in no way liable under its contract with the claimant. It therefore does not seem equitable that he should receive the gratuity of two months' extra pay based upon his sea pay while rendering service beyond the limits of the United States.

*Mr. Edward S. McCalmont,* for appellee, submitted.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a petition for the recovery of $116.66. The case having been heard by the Court of Claims, that court, upon the evidence, filed the following findings of fact and conclusion of law:

## "Findings of Fact.

"I. The claimant, John M. Hite, was appointed assistant engineer in the United States Navy, with the relative rank of ensign, for temporary service during the late war with Spain, on May 14, 1898; he reported for duty on board the U. S. S. 'Massachusetts,' in obedience to orders of the Navy Department, on June 1, 1898, and served creditably as such officer on said ship until December 17, 1898, at which date he was detached and ordered to his home, and on December 22, 1898, was honorably discharged from the naval service.

"The order referred to is in the words following:

"'Navy Department,

"'Washington, D. C., Dec. 12, 1898.

"'Sir: You are hereby detached from duty on board the U. S. S. "Massachusetts," and will proceed to your home.

"'Immediately upon your arrival report your local address in full to the Bureau of Navigation, Navy Department, Washington, D. C.    See article 224, U. S. Navy Regulations, 1896.

"'Report also the date of your detachment, and inform the Department of the status of your accounts, and whether you are indebted to the Government by reason of advances drawn by you.

"'Respectfully,

"'JOHN D. LONG, *Secretary.*

"'Assistant Engineer John M. Hite, U. S. N.,

"'U. S. S. Massachusetts.'

"II. The U. S. S. 'Massachusetts' was in commission and cruised beyond the limits of the United States (in Cuban waters) during the time of the claimant's service on board.

"III. In settlement of claimant's claim for extra pay authorized by the act of March 3, 1899, he was allowed by the accounting officers of the Treasury Department two months' pay at the rate of pay of an assistant engineer in the Navy on waiting orders only, to wit, $166.66.

"If entitled to two months' pay upon the basis of sea service the difference is $116.66.

"*Conclusion of Law.*

"Upon the foregoing findings of fact the court decides, as a conclusion of law, that the claimant is entitled to judgment in the sum of one hundred and sixteen dollars and sixty-six cents ($116.66)."

The case is reported in 41 Ct. Cl. 256.

The act of March 3, 1899 (30 Stat. 1228, c. 427), among other things, provides:

"The officers and enlisted men comprising the temporary force of the Navy during the war with Spain who served creditably beyond the limits of the United States, and who have been or may hereafter be discharged, shall be paid two months' extra pay; and all such officers and enlisted men of the Navy who have so served within the limits of the United States, and who have been or may hereafter be discharged, shall be paid one month's extra pay."

Appellee's counsel say that the issue is correctly stated by counsel for the United States as follows:

"The claimant contends that the two months' extra pay provided for in the foregoing statute should be at the rate of pay he received while *doing sea service*, to wit, $1,700 per year.

"The contention of the Government is that under the rulings of this court in the cases of North and Emory (112 U. S. R. p. 510) the claimant has been paid all that was due him, inasmuch as he was paid two months' extra pay provided for in the statute at the rate of pay he was receiving *at the time of his discharge*, to wit, at the rate of $1,000 per annum."

Appellee was appointed an officer in the Navy, May 14, 1898, by authority of the act of Congress of May 4, of that year (30 Stat. 369, c. 234), which provided:

"Whenever, within the next twelve months, an exigency may exist which, in the judgment of the President, renders their services necessary, he is hereby authorized to appoint from civil life and commission such officers of the line and staff, not above the rank or relative rank of commander, and warrant officers including warrant machinists, and such officers of the Marine Corps not above the rank of captain; to be appointed from the non-commissioned officers of the corps and from civil life, as may be requisite: *Provided*, That such officers shall serve only during the continuance of the exigency under which their services are required in the existing war."

The war with Spain began April 21, 1898, and the treaty

of Paris was signed December 10, 1898. Appellee served until December 17, 1898, at which time he was detached from the vessel on which he was serving and ordered home, where, on December 22, he was honorably discharged from the naval service. It seems to have been thought reasonable that the Government should pay the expenses of the journey home and for the time in getting there.

The act of March 3, 1899, provided for extra pay for active service. Hite was detached because it became the Department's duty to discharge him under the proviso of the act of 1898, and the detachment was manifestly preliminary to his discharge. The order detaching him did not prescribe that on arrival home he was to hold himself "on waiting orders" or for further assignment to duty. On the other hand, it required him to inform the Department of the status of his accounts, obviously in order that they might be settled on his leaving the service.

The two months' extra pay is given, as Chief Justice Peelle, delivering the opinion of the Court of Claims, says, "because of creditable service beyond the limits of the United States during the war with Spain, and therefore upon discharge such officers become entitled to the same pay they were receiving while so serving beyond the limits of the United States." "To hold, because the claimant was ordered to his home where he was discharged five days later instead of being discharged on the day he was detached, that therefore he is entitled only to the lesser pay would be a construction too narrow to harmonize with the purpose of Congress as disclosed by the act." Notwithstanding the considered dissenting opinion in the court below, we agree with the conclusion that his engagement having ended and he having been discharged, the two months' extra pay should have been given him upon the basis of the pay he was receiving when detached.

The contention of the Government is that this case is governed by the ruling in *United States* v. *North,* 112 U. S. 510. In that case it was held that officers of the Navy and of the

regular Army, who were employed in the. prosecution of the war with Mexico, were entitled to the three months' extra pay provided for by the act of Congress of July 19, 1848, c. 104, § 5, 9 Stat. 248, and the act of February 19, 1879, c. 90, 20 Stat. 316.

The act of 1848 provided: "That the officers, etc., engaged, etc., in the war with Mexico, and who served out the term of their engagement, or have been or may be honorably discharged, . . . shall be entitled to receive three months' extra pay.".

North was an officer in the Navy of the United States from May 29, 1829,. to January 14, 1861, when he resigned. He served in the war with Mexico, as lieutenant, on board the frigate Potomac, from February 10, 1846, until July, 1847, when his vessel sailed for the United States. And Chief Justice Waite said:

"Those of the regular Army or Navy who were 'engaged in the military service of the United States in the war with Mexico' may be said to 'have served out the term of their engagement,' or to have been 'honorably discharged,' within the meaning of those terms as used in the act of 1848, when the war was over, or when they were ordered or mustered out of that service. Being in the Army and Navy, their 'engagement' was to serve wherever they were ordered for duty. Their engagement to serve in the war with Mexico ended when they were taken away from that service by proper authority.

"The pay they were to receive was evidently that which they were receiving at the end of their engagement, or when they were honorably discharged. The language is, 'shall be entitled to receive three months' extra pay,' evidently meaning the same pay they would have received if they had remained in the same service three months longer. It follows that, as North was serving at sea when he was ordered away, he was entitled to three months' sea pay, . . ."

In the present case, appellee was taken away from the ser-

vice when he was detached from his vessel, as he was appointed to serve "only during the continuance of the exigency under which their services were required in the existing war," and, was entitled, in the circumstances of the case, to extra pay on the basis of that which he was receiving when detached, as we have said above.

*Emory's case* was also considered by the court in the same opinion and the same conclusion reached, and reference was there made to that case as reported in 19 Ct. Cl. 254.

The judgment of the Court of Claims was right, and it is

*Affirmed.*

MR. JUSTICE MOODY took no part in the disposition of this case.